IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NUMBER: 22-20148-CR-SCOLA

        Plaintiff,

vs.

AMAURIS WISKY, *et. al.*,

        Defendants,

_____ /

**DEFENDANT ALEXANDER ANTONIO ESCALANTE OROZCO'S
SENTENCING MEMORANDUM, EXHIBITS and REQUEST FOR VARIANCE**

Defendant, ALEXANDER ANTONIO ESCALANTE OROZCO ("Mr. Escalante Orozco") by and through his undersigned counsel, and pursuant to Title 18 U.S.C. §3553(a), herein files this Sentencing Memorandum and Request for Variance and states as follows:

*(I) Introduction*

Mr. Escalante Orozco shall stand before this Court on sentencing day and this Honorable Court shall impose a sentence this Court deems just. This Court is very familiar with the circumstances involving prosecutions under Title 46 U.S.C. §70506(b). The evolution of the drug trafficking trade, especially in the southern District of Florida,  has been such that the major players, those individuals who control the plan, who organize, and who are involved in the pivotal and profitable aspects of the trafficking of the drugs on the

**Page 2**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

high seas, are seldom, <u>if ever</u> held to account.  Rather, it is individuals like Mr. Escalante

Orozco who are most likely to face punishment for their involvement.

In 1995, a keen observation was once made about the fundamental difference between

lower court judges and appellate judges, the district court judge wrote:

> *'The first thing he saw in a case...was the human being involved – the human factors, a particular man or woman's hopes and suffering; this became the focus of all his compassion.'*

Unlike their district court colleagues, appellate judges neither can

> *look defendants in the eye...nor struggle with assessing whether an offender is beginning or ending a criminal career, appears to be dangerous or harmless, is a minnow in a sea of big fish,* ***or has gone astray under unusually stressful circumstances and will not offend again.*** *Appellate judges [do no see] large numbers of worried or stunned faces...(Emphasis added)(internal citations omitted)*

> ***United States v. Naugle****, **879 F.Supp 262, 267 (E.D.N.Y. 1995)**(Judge Jack B. Weinstein, presiding)(in part quoting from Roger K. Newman's biography of Hugo Black and the philosophy held by Justice Black)

Mr. Escalante Orozco seeks to tell his story and in so doing, it is hoped, this Court

shall see the reality of this tragedy. It is his hope that after this Honorable Court has reviewed

the facts and circumstances of his life, as well as the circumstances of this offense, when

applying the sentencing factors under 18 U.S.C. §3553(a), this Court shall impose a

**Page 3**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for*
*Variance*

"*sentence that is sufficient, but not greater than necessary*".  It is most respectfully argued

that a sentence not to exceed 65 months will more than adequately serve to justly punish Mr.

Escalante Orozco for his actions.

### *(II) Request For Variance*

The Supreme Court untied this Court's hands when in 2005 it rendered it's decision

in *United States v. Booker*, 543 U.S. 220 (2005). Later followed by *Kimbrough v. United*

*States*, 128 S.Ct. 558 (2007) and *Gall v. United States*, 128 S.Ct. 586 (2007). Therefore, this

Honorable Court no longer is obligated to impose a sentence within the determined advisory

guideline range.  Rather, the Court shall now be guided by the enumerated sentencing factors

under 18 U.S.C. §3553(a).

## Characteristics of the Defendant under §3553(a)(1)

## Work ethic and Head of Family Unit

Mr. Escalante Orozco is forty-seven (47) years of age. His entire life has been one

characterized by hard-work, devotion to family, community and friends. He comes from a

close family unit and a small, humble, but close neighborhood community.  See attached

hereto are **Exhibit D**, **E**, and **F**.  Up until the date of his arrest he had been the sole provider

for his wife and his children, through honest and hard work. Attached hereto and marked as

**Exhibit B**, is a letter from his wife, Jenifer Maria Medina Narvaez. Who describes their

family as one "based on love and respect" and as the "pillar" and the "axis of our home". ***Id***.

**Page 4**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

Mr. Escalante Orozco and Mrs. Medina Narvaez have been in a common law marriage for more than twenty-three (23) years. Of this union, two children were born, Fredy Escalante Medina, twenty-one (21) years of age and Angel Davie Escalante Medina, nineteen (19) years of age. Mr. Escalante Orozco left school before obtaining his high school degree. However, he later went back to school in order to complete his high school diploma and he accomplished this by going to school at night, so that he could work during the day to continue to support his wife. Fredy Alexander Escalante Medina was born in September of 2001, nine months after Mr. Escalante Orozco obtained his high school diploma in December of 2000 when he was twenty-five (25) years of age.  See **Composite Exhibit A and A1**, and ¶51, pg. 11 of the Pre-Sentence Investigation Report ("PSI").

He encouraged his wife to also go back to school, and his wife Jenifer obtained her high school diploma at the same time as their son Fredy Alexander obtained his. The youngest son, Angel David, is also a high school graduate. *Id***.**

Mr. Escalante Orozco has worked his entire life, having been taught the construction trade by his father who had knowledge of construction, with a concentration as a tile setter. He comes from a humble, but loving background. See **Exhibit B, C**. In 2009, Mr. Escalante Orozco was able to obtain a certification of competence in the elements of cement/concrete which he was able to do based on his on the job training. See **Exhibit G** and ¶52, pg. 11 of the PSI.

**Page 5**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

In 2015 Mr. Escalante Orozco suffered a work related injury when he was cutting tile and a piece of tile pierced his right eye resulting in the loss of his right eye.  See **Exhibit H** and ¶57, pg.12 of the PSI. This injury affected him and his family economically, and in particular affected Mr. Escalante Orozco emotionally in that several of his steady clients began to doubt his competence as a result of the injury he sustained. Mr. Escalante Orozco was able to slowly go back to work, but the earnings were not the same, however, he continued to be the sole provider for the family. See **Exhibit B** and **C**.

In February of 2022 Mr. Escalante Orozco suffered the death of his father. His father was a role model to him, as Mr. Escalante Orozco is a role model to his children.  Both of Mr. Escalante Orozco's children have graduated from high school and were looking to further their studies. The events of the pandemic, his earlier injury and the loss of his father, and the demands of supporting his family all contributed to clouding his judgement when he became involved in the illegal venture that has resulted in his incarceration, conviction, and loss of status as a model citizen in his community. See **Exhibits D**, **E**, and **F**.

### Nature and Circumstances of the Offense under §3553(a)(1)

Mr. Escalante Orozco's actions were aberrant and out of character. "During the time that he has lived here, he has never had any problems in the community, I am confirming his virtue as a good citizen and neighbor". Mr. Escalante Orozco is the type of person who is always available to help others in need.  See **Exhibit E**, letters from village mayor, Jose

**Page 6**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for*
*Variance*

Rafael Noriega Duran. He has taken full responsibility for his actions in this case and is aware of the grave mistake that he has made. Equally important, it is necessary to understand how vulnerable Mr. Escalante Orozco was when he was approached by an unscrupulous recruiter. This Court and the Government are intimately familar with the sophistication of these criminal organizations. They know where to go and who to prey upon.

Mr. Escalante Orozco seeks a variance from the advisory Guidelines for several reasons. First and foremost, while his involvement in this case was knowing and voluntary, the pressure visited upon him by individuals who prey on these unsophisticated and financially desperate people, like Mr. Escalante Orozco cannot be ignored. These folks are experts at what they do and they mislead, use and ruin the lives of many hard-working individuals such as Mr. Escalante Orozco.

Secondly, no matter what sentence this Court is to impose, Mr. Escalante Orozco shall serve a sentence that is longer and different in kind. Because of his status as a deportable alien, he shall not be eligible for early release, such as release into a half-way house, for example. Additionally, as a deportable alien, Mr. Escalante Orozco will not be released upon the completion of his sentence. Rather, he shall be transferred to another facility, an immigration detention facility, for processing by the Department of Homeland Security. His status as a deportable alien will result in his ineligibility for many programs within the federal Bureau of Prisons. See for *United States v. Ebolum* , 72 F.3d 35, 37 (6th Cir. 1995)

**Page 7**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

(noting the Bureau of Prisons' policies for deportable aliens); see also *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("[A] downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence ...."). Mr. Escalante Orozco will have no visitation from friends or family. He will receive an order of removal, precluding him from <u>ever</u> coming to the United States. This is something he was absolutely unaware of and something which is an additional punishment.

Lastly, there are the potential consequences to Mr. Escalante Orozco as a result of his getting arrested and potentially being held accountable for being a part of the loss of the load of drugs that was part of this case. As stated by Government expert witness, Derek Sousa, individuals like Mr. Escalante Orozco are "at the very low end of the spectrum, because they are workers." Mr. Sousa explained that for individuals such as Mr. Escalante Orozco, there are potential consequences. "There are [consequences]. I mean ultimately, again because you have this very expensive contraband, these organizations hold people to account who deal in them.  So, you know, the threat of violence, the threat of force is always present, unfortunately." (See Exhibit A, previously attached Objections to PSI, DE:59)

### (IV) Conclusion

Mr. Escalante Orozco had great financial obligations. The death of his father, the loss of his right eye in a work-related injury, and the financial obligations as the sole provider for his family clouded his judgment when he agreed to involve himself in this case. However,

**Page 8**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

his remorse is genuine. Mr. Escalante Orozco has committed a grave mistake. However, the nature and the circumstances of the offense is but one of the many factors the Court is to look to when ascertaining what sentence is "sufficient, but not greater than necessary" to comply with the  sentencing factors under §3553(a). For all of his life, Mr. Escalante Orozco has done the proverbial "right thing". He learned a trade from his father. He practiced that trade and supported his family and wife of twenty-three years. He has been a contributing member of his humble community.  As Judge Weinstein so eloquently stated above, only this Court, can look Mr. Escalante Orozco, and determine after considering the life he has led for forty-seven years, whether, Mr. Escalante Orozco, when committing this offense, *"has gone astray under unusually stressful circumstances and will not offend again".*

It is respectfully submitted, that a sentence not to exceed sixty (60) months will serve to promote respect for the law and to adequately punish Mr. Escalante Orozco for his conduct.

I HEREBY CERTIFY that a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and via e-mail to all co-counsel of record on this 17th day of  January  2023.

RESPECTFULLY SUBMITTED,

ANA M. JHONES, ESQ.
Haley & Jhones, P.A.

**HALEY & JHONES, P.A.**
**9100 S. Dadeland Blvd., Suite 1500, Miami, FL   33156, Telephone: (305) 661-4637**

**Page 9**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

9100 S. Dadeland Blvd., Suite 1500
PMB #150048
Miami, FL   33156
Telephone: (305) 661-4637
E-mail:  ajhones@hsaalegal.com

BY:  *Ana Maria Jhones*
    Florida Bar No.: 771170

**Page 10**
*USA v. AMAURIS WISKY, Case Number:22-20148-CR-Scola*
*Alexander Antonio Escalante Orozco Sentencing Memorandum, Exhibits and Request for Variance*

**INDEX TO EXHIBITS**

**EXHIBIT A (Composite) - High School Diploma of :**

>**Mr. Escalante Orozco**
>**Jenifer Maria Medina Narvaez**
>**Fredy Alexander Escalante Medina**
>**Angel David Escalante Medina**

**EXHIBIT A1 (Composite) - Translations of High School Diplomas**

**EXHIBIT B - Letter from Jenifer Maria Medina Narvaez (spouse)**
        **(and translation)**

**EXHIBIT C - Letter from Angel David Escalante Medina Narvaez (son)**
        **(and translation)**

**EXHIBIT D  - Letter from Misael Alfredo Manjarres Molina (Community Action Bd)**
        **(and translation)**

**EXHIBIT E  - Letter(s) from Jose Rafael Noriega Duran (Mayor)**
         **(and translation)**

**EXHIBIT F - Evidence of Community Support for Mr. Escalante Orozco and**
        **Letter from Fredy Escalante Medina (and translation)**

**EXHIBIT G - Certificate of Labor Competence (and translation)**

**EXHIBIT H - Surgical Report of June 19, 2015**

**EXHIBIT I - Identification Documents (and translation)**

**HALEY & JHONES, P.A.**
**9100 S. Dadeland Blvd., Suite 1500, Miami, FL   33156, Telephone: (305) 661-4637**